UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL NEELEY,<br><br>                    Petitioner,<br><br>       v.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>                    Respondent. | Civil No.   11-cv-0058-LAB (POR)<br><br>**REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

## I. INTRODUCTION

On December 29, 2010, Petitioner Jamaal Neeley filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner contends his rights under the Sixth and Fourteenth Amendments were violated because the sentence imposed for first degree robbery in concert was unauthorized. *Id.* at 5. Specifically, Petitioner contends the verdict form submitted to the jury did not allow the jury to determine whether Petitioner acted in concert with two or more persons, which is a sentencing enhancement to robbery in the first degree. *Id.*

On April 4, 2011, Respondent filed an Answer. (ECF No. 11.) Respondent contends the decisions of the California courts rejecting Petitioner's claim regarding the acting in-concert aspect of the verdicts are entitled to deference. *Id.* at 7-23.

On April 21, 2011, Petitioner filed a Traverse. (ECF No. 13.) Petitioner contends his due process rights were violated because the jury did not make a true finding as to each and every element of the crime for which he was charged. *Id.* at 4. Accordingly, Petitioner contends his sentence enhancement was unauthorized. *Id.* at 5. Further, Petitioner asserts the error in his case

was not harmless. *Id.*

In consideration of the pleadings, the record, and controlling law, for the reasons set forth below, the Court hereby RECOMMENDS the Petition be **DENIED**.

## II. FACTUAL BACKGROUND

This Court gives deference to state court findings of fact and presumes them to be correct; Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence. 28 U.S.C.A. § 2254(e)(1) (West 2006); *see also Park v. Raley*, 506 U.S. 20, 35-36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness). The following facts are taken from the California Court of Appeal's opinion (Lodgment 5) denying Petitioner's direct appeal of his conviction:

> Shortly after 2:00 a.m. on the morning of March 30, 2008, three young men, including Dejuan Matthews and his half-brother, Jamaal Neeley, forcefully entered the apartment occupied by two female college students. They held the women and a male friend at gunpoint, demanded $20 owed to Matthews for drugs, and took computers and other items of value from the apartment. One of the female victims identified Matthews from past contacts. Under an agreement with the prosecution, Matthews admitted full participation, pleaded guilty to home invasion robbery in-concert and a vicarious gun-use allegation, and testified for the prosecution at Neeley's trial.

(Lodgment 5 at 1-2.)

## III. PROCEDURAL BACKGROUND

In an information filed by the San Diego County District Attorney, Petitioner was charged with two counts of first degree robbery in-concert, Cal. Penal Code §§ 211, 213(a)(1)(A) (counts 1 and 2); and assault with a firearm, Cal. Penal Code § 245(a)(2) (count 3). The information alleged Petitioner personally used a firearm in the commission of counts 1 and 2, Cal. Penal Code §12022.53(b), and in the commission of count 3, Cal. Penal Code § 12022.5(a). (Lodgment 1 at 1-3.)

In a jury trial, Petitioner was convicted of the two robberies (counts 1 and 2) and acquitted of the assault charge (count 3). The jury found both robberies were committed in-concert with two or more other persons in an inhabited dwelling, thereby finding true the allegation of robbery in the first degree. However, the jury found the firearm allegations were not true. (Lodgment 1 at 111-114.)

The trial court sentenced Petitioner to eight years and eight months in state prison. The sentence consisted of the middle term of six years for count 1, two years (one-third the middle

term) for count 2, and eight months (one-third the middle term) for a reckless evading (Veh. Code, § 2800.2) conviction in Superior Court Case No. SCD207451 resulting from a revocation of felony probation. (Lodgment 1 at 63, 115.)

Both Petitioner and Respondent filed briefs in the California Court of Appeal, Fourth Appellate District, Division One, case number D055262. (Lodgments 2, 3, 4.)  On June 18, 2010, the appellate court issued an opinion affirming the judgment. (Lodgment 5.)  Petitioner filed a petition for rehearing (Lodgment 6), which was denied. (Lodgment 7.)

Petitioner filed a petition for review in the California Supreme Court, case number S184974. (Lodgment 8.)  The petition for review was denied on September 3, 2010. (Lodgment 9.)

Petitioner filed the current Petition for Writ of Habeas Corpus on December 29, 2010.  (ECF No. 1.)  On April 4, 2011, Respondent filed an Answer.  (ECF No. 11.)  On April 21, 2011, Petitioner filed a Traverse.  (ECF No. 13.)

## IV. DISCUSSION

### A.     Standard of Review

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 8 (2002).  In deciding a state prisoner's habeas petition, a federal court is not called upon to decide whether it agrees with the state court's determination; rather, the court applies an extraordinarily deferential review, inquiring only whether the state court's decision was objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Additionally, the state court's factual determinations are presumed correct, and Petitioner carries the burden of rebutting this presumption with "clear and convincing evidence."  28 U.S.C.A. § 2254(e)(1) (West 2006).

A federal habeas court may grant relief under the "contrary to" clause if the state court

applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Id.* Additionally, the "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Andrade*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). However, a state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *Early*, 537 U.S. at 8. "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" *Id.*, the state court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Andrade*, 538 U.S. at 72.

Where a petitioner alleges a state court decision is based upon an unreasonable determination of the facts in light of the evidence presented in state court, he or she must demonstrate that the factual findings upon which the state court's adjudication rests is objectively unreasonable. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

**B.     Analysis**

Petitioner contends his sentence is unauthorized, thereby violating his constitutional right to due process. (ECF No. 1 at 5.) Petitioner contends the verdict forms were defective because while

they permitted the jury to return a finding on the allegation that the robberies occurred within an inhabited dwelling, the form did not allow the jury to make a true finding as to whether the robberies were committed in-concert. *Id.* Specifically, Petitioner contends the jurors were permitted to fill in "was" or "was not" as to the inhabited dwelling element, but were not given the same option as to the in-concert element because that portion was preprinted on the verdict form. Accordingly, Petitioner asserts the jury did not make a finding as to the in-concert sentencing enhancement to robbery in the first degree. *Id.*

Respondent contends the state court decisions rejecting Petitioner's claim are entitled to deference because they are not contrary to, nor an unreasonable application of United States Supreme Court precedent. (ECF No. 11 at 16-21.) Specifically, Respondent contends the jury was "fully and correctly instructed on all of the elements of the robbery in-concert allegations," including "the requirements that the defendant commit the robbery while voluntarily acting in-concert with two or more persons." *Id.* at 16. Further, even assuming there was error, Respondent contends the error was harmless in light of ample evidence presented at trial that Petitioner acted in concert with Matthews in committing the robberies. *Id.* at 20.

### 1. Clearly Established Federal Law

In a series of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court declared that any fact, other than a prior conviction, that increases the sentence for a crime beyond the statutory maximum must be proved beyond a reasonable doubt or admitted to by the defendant. *See Cunningham v. California*, 549 U.S. 270, 274-75 (2007) (citing *Apprendi*, 530 U.S. 466) and *Blakely v. Washington*, 542 U.S. 296, 303 (2004); *see also United States v. Booker*, 543 U.S. 220 (2005). The Ninth Circuit has stated, however, that "if at least one of the aggravating factors upon which the judge relied in sentencing ...was established in a manner consistent with the Sixth Amendment, [a] sentence does not violate the Constitution." *Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008); *see also People v. Osband*, 13 Cal. 4th 622, 728 (1996), *People v. Forster*, 29 Cal. App. 4th 1746 (1994), and *People v. Piceno*, 195 Cal. App. 3d 1353 (1987).)

//
//

### 2. Trial Court Proceedings

#### *i.  Jury Instruction on Robbery in Concert*

For the robbery in-concert enhancements, the trial court instructed the jury as follows:

> The defendant is charged in Count One and Two with Robbery by acting in-concert with Dejuan Matthews and an additional unidentified African American Male.
>
> To prove that defendant is guilty of this crime, the People must prove that:
>
> 1. The defendant personally committed or aided and abetted a robbery;
>
> 2. When he did so, the defendant voluntarily acted with two or more other people who also committed or aided and abetted the commission of the robbery;
>
> AND
>
> 3. The robbery was committed in an inhabited dwelling.
>
> A dwelling is *inhabited* if someone lives there and either is present or has left but intends to return.
>
> To decide whether the defendant or Dejuan Matthews and an additional unidentified African American Male committed robbery, please refer to the separate instructions that I [have] given[] you on that crime.  To decide whether the defendant or Dejuan Matthews and an additional unidentified African American aided and abetted robbery, please refer to the separate instructions that I [] have given [] you on aiding and abetting.  You must apply those instructions when you decide whether the People have proved robbery in-concert.
>
> To prove the crime of robbery in-concert, the People do not have to prove a prearranged plan or scheme to commit robbery.

(Lodgment 1 at 40 [CALCRIM NO. 1601 (as modified)]; Lodgment 10 at 405- 406.)

#### *ii.  The Verdict Forms*

For Count 1, the jury returned the following verdict:

> We, the jury in the above entitled cause, find the defendant, JAMAAL NEELEY,
>
> \_\_\_\_Guilty\_\_\_\_ of the crime of Robbery, in Penal Code section 211, as charged
> [Guilty] [Not Guilty]
>
> in violation of Count One of Information.  (VICTIM: Nicole Principe)
>
> And we further find that in the commission of the above offense, the said defendant committed the above offense while voluntarily acting in-concert with two or more other persons and the offense \_\_\_\_Was\_\_\_\_ perpetrated in an inhabited dwelling house,
> [Was] [Was Not]
>
> making the offense Robbery in the first degree, within the meaning of Penal Code section

1  213(a)(1)(A).

2  And we further find that in the commission or attempted commission of the above

3  offense, the said defendant ____Did Not____ personally use a firearm to wit: a handgun,
                                   [Did] [Did Not]

4  within the meaning of Penal Code section 12022.53(b).

5  (Lodgment 1 at 112; Lodgment 10 at 554.)

6  For Count 2, the jury returned the following verdict:

7  We, the jury in the above entitled cause, find the defendant, JAMAAL NEELEY,

8  ____Guilty____ of the crime of Robbery, in Penal Code section 211, as charged
   [Guilty] [Not Guilty]

9  in violation of Count One of Information.  (VICTIM: Shannon Waltz)

10  And we further find that in the commission of the above offense, the said defendant

11  committed the above offense while voluntarily acting in-concert with two or more other

12  persons and the offense ____Was____ perpetrated in an inhabited dwelling house,

13                              [Was] [Was Not]

14  making the offense Robbery in the first degree, within the meaning of Penal Code section

15  213(a)(1)(A).

16  And we further find that in the commission or attempted commission of the above

17  offense, the said defendant ____Did Not____ personally use a firearm to wit: a handgun,
                                    [Did] [Did Not]

18  within the meaning of Penal Code section 12022.53(b).

19  (Lodgment 1 at 113; Lodgment 10 at 554-555.)

20       3.    <u>State Court Decision</u>

21  Petitioner raised this claim in the petition for review he filed in the California Supreme

22  Court. (Lodgment No. 8.)  That court denied the petition without citation of authority. (Lodgment

23  No. 9.)  Accordingly, this Court must "look through" to the California Appellate Court opinion

24  denying the claim as the basis for its analysis. *Ylst*, 501 U.S. at 805-06.  The state appellate court

25  rejected Petitioner's claim as follows:

26  Having reviewed the record, we agree with Neeley that the verdict form was
     poorly drafted but conclude any error was harmless under *Watson, supra*, 46 Cal.2d at
27  page 836. (See *People v. Jones* (1997) 58 Cal.App.4th 693, 715-716.)

28  ///

> Penal Code section 213, subdivision (a)(l)(A) provides for an increased robbery sentence if the prosecution pleads and proves that the defendant (1) "voluntarily acting in-concert with two or more other persons" and (2) "commits the robbery within an inhabited dwelling house .... " The statute operates as a sentence enhancement which the prosecution must prove beyond a reasonable doubt. (*In re Jonathan T.* (2008) 166 Cal.App.4th 474, 479.) Because the enhancement raises the prescribed statutory maximum term of confinement for first degree robbery (Pen. Code, § 213, subd. (a)(I)(B), Neeley has a constitutional right to a jury trial on the allegation. (*Apprendi v. New Jersey* (2000) 530 U.S. 466, 476, 490.)
>
> The obvious flaw in the verdict form is that it did not include a space for the jury to indicate its finding on the first element but did include a space for the jury finding on the second element. A similar omission occurred in *People v. Radii* (J 977) 76 Cal.App.3d 702 (*Radii*), where the verdict form included no finding that the defendant intentionally inflicted great bodily harm in the course of the burglary. (*Id.* at p. 709.) In affirming the judgment, the Radii court stated: "No objections were made at trial as to the form of verdict and the question was not raised by a motion for new trial. Under those circumstances, the form of the verdict is to be regarded as immaterial where, considering the form of the information and the plea of the defendant, the intention to convict of the crime charged is unmistakably expressed." (*Id.* at p. 710.) The court also ruled that any error in the form of the verdict was harmless since it was "clear that the jury was fully instructed and understood that a specific intent was required to uphold the allegation in question." (*Ibid.*) The court continued: "A verdict is to be given a reasonable intendment and be construed in light of the issues submitted to the jury and the instructions of the court. *It must be upheld when, if so construed, it expresses with reasonable certainty a finding supported by the evidence* [citation]." (Ibid., italics added.)
>
> Here, as in *Radii*, the court read the charges against Neeley and properly instructed the jury on two occasions regarding the elements of first degree robbery in concert. The court re-stated the required elements when it instructed the jury on how to complete the verdict form. When polled in open court, the jurors unanimously declared that the forms as read, including the in-concert findings, correctly reflected their verdicts. We conclude that the verdicts in counts 1 and 2 expressed with reasonable certainty a finding supported by the evidence. (*Radii, supra*, 76 Cal.App.3d at p. 710.) Moreover, for reasons already stated, the overwhelming evidence rendered any error harmless. (*Watson, supra*, 46 Cal.2d at p. 836.)

(Lodgement 5 at 8-10.)

### 4. Discussion

Here, Petitioner fails to demonstrate the Court of Appeal's decision rejecting Petitioner's robbery in-concert claim was contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of facts. First, as the appellate court properly noted, there was an "obvious flaw" in the verdict form because it did not include a space for the jury to make a finding as to the in-concert element– a sentencing enhancement that raises the prescribed statutory maximum term of confinement for first degree robbery. *See Apprendi*, 530 U.S. at 476, 490.

///

Second, the appellate court's finding that any error was harmless is objectively reasonable and is supported by the record.. *Cunningham* violations are subject to the harmless error analysis prescribed by *Brecht*, 507 U.S. 619. *See Butler*, 528 F.3d at 648. *Brecht* requires the Court to determine whether "the error had a substantial and injurious effect on [Petitioner's] sentence." *Id.* (quoting *Hoffman v. Arave*, 236 F.3d 523, 540 (9th Cir. 2001)). "Under that standard, we must grant relief if we are in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Id.* (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)). Given that the trial court (1) read the charges against Petitioner, (2) properly instructed the jury on two occasions regarding the elements of first degree robbery in-concert, and (3) re-stated the required elements when it instructed the jury on how to complete the verdict forms, which the jurors unanimously declared correctly reflected their verdicts when polled in open court, the Court is confident that a jury would have found the in-concert aggravating circumstance in a manner consistent with *Cunningham* and the Sixth Amendment. *See Butler*, 528 F.3d at 648-49.

Further, the Court is certain that the jury would have also concluded in a manner consistent with *Cunningham* that the evidence presented at trial demonstrates Petitioner committed the robberies while acting in concert with Matthews. Matthews, who was called as a prosecution witness, testified that Petitioner, "Throwback," and "Throwback's" cousin accompanied him to the victim's apartment to get the money she owed him. (Lodgment 10 at 254-257.) Once they arrived at the victim's apartment, Matthews testified that he told everyone to get down as he and Petitioner entered the apartment. *Id.* at 266-267. Matthews also testified Petitioner was pointing a gun at the victims. *Id.* at 268, 272-274. Finally, Matthews testified both he and Petitioner grabbed a laptop computer, a DVD player, a cell phone, and other property before leaving the apartment. *Id.* at 269-272. Based on the evidence, it is clear Petitioner acted in concert with Matthews in committing the robberies, thereby demonstrating that any *Cunningham* violation was harmless. *See Butler*, 528 F.3d at 643.

///

///

1    Accordingly, the Court concludes that adjudication of Petitioner's in-concert claim by the
2 state courts was neither contrary to, nor involved an unreasonable application of, clearly established
3 federal law, and was not based on an unreasonable determination of the facts in light of the evidence
4 presented in the state courts.  Thus, the Court RECOMMENDS habeas relief be **DENIED**.

### V. CONCLUSION

6    After thorough review of the record in this case and based on the foregoing, the Court hereby
7 RECOMMENDS the Petition be **DENIED.**
8    This Report and Recommendation of the undersigned Magistrate Judge is submitted to the
9 United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)
10 (1994).  Any party may file written objections with the Court and serve a copy on all parties on or
11 before **September 12, 2011.**  The document should be captioned "Objections to Report and
12 Recommendation."  Any reply to the objections shall be served and filed on or before **October 3,**
13 **2011.**  The parties are further advised that failure to file objections within the specified time may
14 waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

15   **IT IS SO ORDERED.**
16 DATED: August 17, 2011

_____
LOUISA S PORTER
United States Magistrate Judge