# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JAMAAL NEELEY, | CASE NO. 11-CV-0058 |
|---|---|
| Petitioner, | **Order Adopting Report and Recommendation** |
| vs. | |
| TIMOTHY E. BUSBY, Warden, | |
| Respondent. | |

Neeley filed a habeas petition on December 29, 2010, arguing that his sentence in state court for first degree robbery was enhanced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The petition was referred to Magistrate Judge Porter for a report and recommendation. Busby answered the petition, Neeley filed a traverse, and Judge Porter issued an R&R recommending that Neeley's petition be denied.

I.    **Legal Standards**

This Court has jurisdiction to review the R&R pursuant to Rule 72 of the Federal Rules of Civil Procedure. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district judge "must review the magistrate judge's findings and recommendations de novo *if objection is made*,

//

but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Because Neeley is a prisoner and is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## II.   Discussion

The issue Neeley's petition presents is straightforward and familiar. Neeley was convicted of two counts of first degree robbery in-concert and sentenced to eight years and eight months in state prison. The "in-concert" portion of the offense enhances the potential sentence beyond the statutory maximum, and therefore, under *Apprendi*, must be proven to a jury beyond a reasonable doubt. *See Cunningham v. California*, 549 U.S. 270, 274–275 (2007).

Neeley argues it was not. The trial court *instructed* the jury that the prosecution must prove Neeley "voluntarily acted with two or more other people who also committed or aided and abetted the commission of the robbery." (R&R at 6.) However, the actual verdict form did not call for a specific finding on this issue. Instead, it embedded that finding in another element of the offense — whether the robbery was committed in an inhabited dwelling:

> We, the jury in the above-entitled cause, find the defendant, JAMAAL NEELEY, [Guilty/Not Guilty] of the crime of Robbery, in Penal Code section 211, as charged in violation of Count One of Information.
>
> And we further find that in the commission of the above offense, the said defendant committed the above offense while voluntarily acting in-concert with two or more other persons and the offense [Was/Was Not] perpetrated in an inhabited dwelling house, making the offense Robbery in the first degree, within the meaning of Penal Code section 213(a)(1)(A).

(R&R at 6–7.) The California Court of Appeal conceded that Neeley's verdict form was "poorly drafted," but it found the trial court's error to be harmless because: (1) the jury was properly (and repeatedly) instructed on the in-concert element of the robbery charge, and

(2) the evidence was overwhelming, anyway, that the robbery was committed in-concert with at least two other individuals. (R&R at 8.)

Neeley is not entitled to relief unless the Court of Appeal's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . . or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented . . . ." 28 U.S.C. § 2254(d). The decision was certainly not *contrary to* federal law as determined by the Supreme Court. *See Bell v. Cone*, 535 U.S. 685, 694 (2002) ("A federal court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a materially indistinguishable set of facts."). The Supreme Court has explicitly held that *Apprendi* errors are subject to a harmless error analysis, *see Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (citing *Washington v. Recuenco*, 548 U.S. 212 (2006)), and *Neeley* identifies no Supreme Court case that is materially indistinguishable from his own.

The Court of Appeal's decision was also not an "unreasonable application" of clearly established federal law. The focus of that inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable." *Bell*, 535 U.S. at 694. It does not matter if "the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). It was not objectively unreasonable of the Court of Appeal to reason that the verdict form's *Apprendi* error was harmless, given that the jury was properly instructed multiple times and polled after the reading of the verdict, *and* that the evidence for an "in-concert" robbery was, in its view, overwhelming.

Finally, the Court of Appeal's decision was not "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). "This is a daunting standard—one that will be satisfied in relatively few cases." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). It is satisfied, for example, where a state court fails to make an obvious factual finding, where it makes a factual finding under an incorrect legal

standard, where the fact-finding process itself is defective, where it plainly misapprehends or misstates the record, and where it ignores evidence that supports the petitioner's claim. *Id.* at 1001–1002. But the factual determinations of the Court of Appeal cannot be overturned unless they are "objectively unreasonable in light of the evidence presented." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Indeed, determinations of factual issues by the Court of Appeal "shall be presumed to be correct" and Neeley "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254.

Neeley's objection to the R&R does make a valid point. The R&R suggests the *Apprendi* error was harmless because "it is clear Petitioner acted in concert with Matthews in committing the robberies." (R&R at 9.) Actually, the "in-concert" element of Neeley's robbery offense — as the jury instruction got right — requires that a defendant act "in concert with two or more *other* persons." Cal. Penal Code § 213(a)(1)(A) (emphasis added).[1] That Neeley acted in concert with Matthews is insufficient for the sentencing enhancement at issue. That said, the Court of Appeal noted explicitly that Neeley committed the robbery with his half-brother Dejuan Matthews *and* a man nicknamed "Throwback." (*See* Lodgment 5 at 1.) This finds ample support in the trial testimony of Matthews. (*See* Trial Tr. at 254–276.) In particular, Matthews testified that he, Neeley, Throwback, and Throwback's cousin drove to the victims' apartment complex (*Id.* at 254–55), and that he, Neeley, *and* Throwback got out of the car and actually went to the victims' apartment (*Id.* at 263, 267). Matthews further testified that Throwback stood in or around the doorway while he and Neeley entered the apartment (*Id.* at 267), and that he passed items he took inside the apartment to Throwback (*Id.* at 269, 272). One of the victims, Shannon, testified that, in fact, all three men entered the apartment, and that Throwback stood at the door "making sure it was locked and closed and nobody came in." (*Id.* at 206.) Another witness, Chris Cerullo, also testified that all three men entered the apartment. (*Id.* at 147–51, 154.)

---

[1] Robbery itself is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal. Penal Code § 211.

In his objection to the R&R, Neeley seizes on the fact that another victim-witness, Nicole Principe, testified that only two of the men actually entered the apartment. (*Id.* at 171, 185.) Later in Ms. Principe's testimony, however, she testified that Matthews was handing the items he had taken from inside the apartment to "somebody in the hallway," presumably Throwback. (*Id.* at 175.) He attempts to poke holes in Shannon's testimony by highlighting that, while the robbery was in progress, she was laying face-down on the floor. (*Id.* at 207.) He also attacks the testimony of Cerullo, who testified on cross examination that when the police arrived he told them he wasn't sure whether two or three men entered the apartment. (*Id.* at 155.) In light of all of the testimony, however, it was not an unreasonable determination of the Court of Appeal that the evidence firmly established Neeley committed the robbery with two other people, and that the *Apprendi* error in the verdict form was therefore harmless.

### III.  Conclusion

The Court **ADOPTS** the R&R. Neeley's habeas petition is **DENIED**. Because he has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (articulating standard for issuance of a certificate of appealability).

**IT IS SO ORDERED**.

DATED: November 9, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge