# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL NEELEY,<br><br>　　　　　　　　　　Plaintiff(s),<br>　vs.<br>WARDEN BUSBY, et al.,<br><br>　　　　　　　　　　Defendant(s). | CASE NO. 11cv58-LAB (POR)<br><br>**ORDER DENYING UNTIMELY FED. R. CIV. P. 59(e) AND 60(b) MOTIONS** |

On November 10, 2011, the Court adopted Magistrate Judge Porter's report and recommendation that Neeley's habeas petition be denied, and judgment was entered against him. (Docket nos. 19 and 20.) Now, four years later, Neeley asks the Court to set aside the judgment. (*See* Docket no. 21 (dealing with Fed. R. Civ. P. 60(b) motion; Docket no. 22 (Neeley's Fed. R. Civ. P. 59(e) motion.)

Federal Rule of Civil Procedure 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment." Since Neeley's Rule 59(e) motion was not filed within 28 days of entry of judgment, it is untimely.  An untimely Rule 59(e) motion may be treated as a Rule 60(b) motion. *See Gould v. Mutual Life Ins. Co., of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986). But even then, Neeley's motion is untimely. Insofar as Petitioner seeks relief under Rule 60(b)(1), (2), or (3), he should have filed his motion "no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c). Insofar as Petitioner seeks relief under Rule 60(b)(4),

1 | (5), or (6), he should have filed his motion within "a reasonable time." *Id*. Neeley unduly
2 | delayed four years before filing the pending Motion and has offered no explanation to the
3 | Court for this delay. *See Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir.
4 | 1991) (finding unexcused two-year delay in filing of Rule 60(b) motion was unreasonable).
5 | Accordingly, Petitioner's Motion is **DENIED**.

    **IT IS SO ORDERED**.

DATED: December 1, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge